IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J & J SPORTS PRODUCTIONS, INC.           :

    v.                                      :    Civil Action No. DKC 10-2967

ARNELL T. MUMFORD, et al.                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case involving alleged violations of the Federal Communications Act of 1934 is a motion filed by Defendant Half Time Sports & Entertainment, Inc., to set aside entry of default. (ECF No. 14). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion will be granted.

**I. Background**

On October 21, 2010, Plaintiff J & J Sports Productions, Inc., commenced this action by filing a complaint against Arnell T. Mumford, individually and as officer, director, shareholder and/or principal of Half Time Sports & Entertainment, Inc. ("Mr. Mumford"), and Half Time Sports & Entertainment, Inc. ("Half Time Sports"). (ECF No. 1). Both defendants were served on November 1, 2010. (ECF Nos. 4, 5). When neither defendant

responded within the requisite time, Plaintiff filed a notice of intention to move for default on December 6. (ECF No. 6). Approximately one week later, Mr. Mumford sent a letter to Plaintiff and the court denying the allegations contained in the complaint. (ECF No. 7). This letter was docketed as Mr. Mumford's answer to the complaint, but the clerk advised him, by a letter dated January 5, 2011, that it could not serve as an answer on behalf of Half Time Sports, which was required by Local Rule 101.1(a) to be represented by counsel. (ECF No. 8).

On January 21, 2011, Plaintiff moved for entry of default against Half Time Sports (ECF No. 9) and default was entered by the clerk on March 11 (ECF No. 10). On March 15, Plaintiff filed a motion for default judgment. (ECF No. 12).[1] Defendant subsequently retained counsel, Evan Goitein, who entered his appearance on April 12, 2011 (ECF No. 13), and filed the pending motion to set aside entry of default on the same date (ECF No. 14).

## II. Analysis

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a court may "set aside an entry of default for good cause[.]" Fed.R.Civ.P. 55(c). Because the Fourth Circuit has a "strong policy that cases be decided on their merits," *United*

---

[1] Because Defendant's motion to set aside entry of default will be granted, Plaintiff's motion for default judgment will be denied as moot.

*States v. Shaffer Equipment Co.*, 11 F.3d 450, 453 (4th Cir. 1993), such a motion must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments," *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 421 (4th Cir. 2010) (citing *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). In deciding a motion to set aside entry of default a district court should consider:

> whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). "Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

Here, Defendant asserts that, after receiving notice from the clerk that Half Time Sports required legal representation, Mr. Mumford sought to retain an attorney, but was delayed in doing so due to a serious health condition. Counsel was eventually retained and the instant motion was filed approximately one month after default was entered. Under these circumstances, Defendant acted with reasonable promptness. *See*

3

*Wainwright's Vacations, LLC v. Pan Am*, 130 F.Supp.2d 712, 718 (D.Md. 2001) (finding delay of just over one month between entry of default and motion to set aside reasonably prompt in light of, *inter alia*, defaulting party's "difficulty obtaining counsel").

Defendant has also presented a meritorious defense. "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citing *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 n. 8 (4th Cir. 1974). Defendant has attached to its motion a copy of Mr. Mumford's answer, which denies the allegations contained in the complaint. (ECF No. 15, Ex. A). Although, technically, this document does not constitute evidence, as it is unsworn, it was accepted by the court as Mr. Mumford's answer to the complaint and it was apparently intended to represent the position of Half Time Sports as well. In light of the liberal construction that is to be afforded the defaulting party in these circumstances and the fact that Plaintiff does not oppose the motion, Defendant has made a sufficient showing of a meritorious defense.

The remaining factors also militate in favor of setting aside entry of default. At this early stage of the litigation,

there would be no significant prejudice to Plaintiff if the motion were granted. Moreover, there is no indication that Defendant's brief delay in obtaining counsel and filing its motion was a dilatory tactic. Accordingly, the motion will be granted.

## III. Conclusion

For the foregoing reasons, Defendant's motion to set aside entry of default will be granted. A separate order will follow.

```
        _____/s/_____
        DEBORAH K. CHASANOW
        United States District Judge
```