```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                 :
J & J SPORTS PRODUCTIONS, INC.
                                 :
     v.                          :   Civil Action No. DKC 10-2967
                                 :
ARNELL T. MUMFORD, et al.
                                 :
```

**MEMORANDUM OPINION**

By a memorandum opinion and order issued April 20, 2012, the court granted summary judgment, as to liability only, in favor of Plaintiff J & J Sports Productions, Inc., and against Defendants Arnell T. Mumford and Half Time Sports and Entertainment, Inc.  The parties subsequently filed memoranda setting forth their respective positions as to the measure of damages.  On December 6, 2012, the court entered judgment in favor of Plaintiff in the amount of $16,800, but did not award attorneys' fees and costs due to an improper electronic signature on an affidavit filed in support of those categories of relief.  Plaintiff was, however, permitted to file a supplemental fee petition and bill of costs within thirty days and renewed its application on December 17, 2012.  (ECF Nos. 37).[1]  Defendants Arnell T. Mumford and Half Time Sports

---

[1] Although the fee petition requested and supported the taxation of costs, Plaintiff separately filed a bill of costs on the same date.  (ECF No. 39).  Because the only compensable

Entertainment, Inc., filed opposition papers on January 7, 2013 (ECF No. 40), and Plaintiff filed a reply on January 9 (ECF No. 41).

Pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), upon finding a violation under subsection (a) of the same provision, "[t]he court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."[2]  The court previously found that Defendants violated § 605(a); thus, Plaintiff is an "aggrieved party" who "prevailed" for purposes of § 605(e)(3)(B)(iii) and is entitled to recover "full costs, including [an award of] reasonable attorneys' fees."

In determining what amount constitutes a reasonable fee, the court employs a hybrid method, which begins with calculation of the lodestar amount (the product of the reasonable hours expended on the litigation multiplied by a reasonable hourly rate), followed by adjustment as appropriate based on the factors enunciated in *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).  As this court has explained:

---

costs are established by the fee petition, the separately-filed bill of costs will be denied as moot.

[2] In its opposition papers, Defendants seeks a reduction in the amount of any award based on financial hardship.  Pursuant to the statute, however, an award of "full" costs is mandatory. *See Kingvision Pay-Per-View v. Jasper Grocery*, 152 F.Supp.2d 438, 443 (S.D.N.Y. 2001).

> Absent circumstances warranting adjustment, the lodestar figure represents the proper total fee award. *Wileman v. Frank*, 780 F.Supp. 1063, 1064 (D.Md. 1991) (citing *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). In deciding what constitutes a "reasonable" number of hours and rate, the district court generally is guided by the following factors:
>
>> "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases."
>
> *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) (quoting *EEOC v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990) (quoting *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978))).

*CoStar Group, Inc. v. LoopNet, Inc.*, 106 F.Supp.2d 780, 787 (D.Md. 2000); *see also Ass'n of Machinists & Aerospace Workers v. Werner-Matsuda*, 390 F.Supp.2d 479, 490 (D.Md. 2005).

The party seeking fees bears the burden of proving the reasonableness of the amount sought. *See Robinson v. Equifax*

*Information Services, LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009). "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *In re Botero-Paramo*, No. 11-1886, 2012 WL 2055005, at *8 (4th Cir. June 8, 2012) (quoting *Robinson*, 560 F.3d at 243) (internal marks and emphasis removed).

Here, Plaintiff seeks attorneys' fees in the amount of $5,353.75 based on the supplemental affidavit of attorney Wayne D. Lonstein. (ECF No. 37-1). The affidavit attests that two attorneys – Mr. Lonstein and Dawn M. Conklin – expended a total of 23.75 hours working on the case and that paralegals and legal assistants expended an additional 8.05 hours. Mr. Lonstein, an attorney with over twenty-five years of experience, and Ms. Conklin, who has over fifteen years of experience, billed at a rate of $200.00 per hour. The hourly rates for both attorneys fall within the presumptively reasonable range in this district for lawyers with comparable experience, *see* Appendix B of the court's Local Rules, and the rates for the paralegals is well below that range. Moreover, the record reflects no duplication of work and a reasonable number of hours under the circumstances of the case. The requested amount is, therefore, accepted as the lodestar. The court agrees with Defendants, however, that fees associated with preparation and filing of the supplemental

4

fee petition and bill of costs (2.25 hours of attorney time, totaling $450.00, and .50 hours of paralegal time, totaling $37.50) should be deducted, as these amounts resulted from an error in Plaintiff's prior submission. Accordingly, Plaintiff will be awarded attorneys' fees in the amount of $4,866.25 (*i.e.*, $5,353.75 minus $487.50).

Plaintiff further seeks taxation of costs in the amount of $706.53, consisting of $350.00 for the filing fee, $330.00 for service of process fees, and $26.33 for postage. Mr. Lonstein's affidavit attests that these costs were actually incurred by Plaintiff as a result of this litigation and attaches the invoice of the process server. (ECF No. 37-1, at 12). The filing and service fees are reimbursable expenses under Local Rules. The fees for postage, however, are not. *See* Clerk's Office *Guidelines for Bills of Costs* § III.7 (2d ed. Aug. 2011), *available at* http://www.mdd.uscourts.gov/publications/forms/BillofCostsGuidelines.pdf. Thus, costs will be taxed in favor of Plaintiff in the amount of $679.67 (*i.e.*, $706.53 total amount sought minus $26.33 postage fees).

A separate order will follow.

                                                          _____/s/_____
                                                          DEBORAH K. CHASANOW
                                                          United States District Judge